| 48 | 385 |
| 46a | 318 |
| 48 | 385 |
| 56a | 431 |
| 48 | 385 |
| 169 | 483 |
| 48 | 385 |
| 94a | 1175 |

## SAMUEL STRAUSS

*v.*

## MAX A. MEYER *et al.*

1. LIBEL—*privileged writings.* Where a party files a bill in chancery against another, and in it alleges that the defendant's general character for honesty is bad, and other similar statements: *Held,* that such imputations are not ground for supporting an action on the case; that such charges made in the due course of the administration of justice are privileged, and that slander or libel will not lie on them.

2. SLANDER—*actionable words per se.* Words to be actionable in themselves must impute the guilt of some offence, by which the party, if guilty, might be indicted and punished by the criminal courts. If they do not amount to a charge of a crime, they are not actionable.

3. SAME—*words not actionable, when made so.* But words not of themselves actionable may become so, where special damages result from having been spoken. The plaintiff, however, to recover on such words, must aver in his declaration that special damages have resulted, stating what they are, and prove it on the trial.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Chief Justice, presiding.

The facts in this case are fully stated in the opinion.

49—48TH ILL.

Mr. THOMAS SHIRLEY, for the appellant.

Mr. JOHN WOODBRIDGE, JR., for the appellees.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action on the case, for the recovery of damages claimed by appellant for slandering his character. It appears, from the averments in the declaration, that appellant was a real estate agent in the city of Chicago, and that Alexander and Philip Goldsmith had made an assignment of their property and effects to him, as trustee, for the benefit of creditors; that appellees filed a bill in chancery in the Cook Circuit Court, for the purpose of enjoining appellant from proceeding to execute the trust, and for his removal as assignee of the Goldsmiths.

In the first count it is averred that appellees, wickedly, falsely and maliciously, caused to be written in their bill, of appellant, "that his general character for honesty is bad;" and in a different part of the bill, "that the said Samuel Strauss is an unfit and improper person to discharge the trust imposed upon him by the said assignment; that he has a very small, if any, property, and that he is not responsible for the amount of the said assigned estate."

In the second count the averment is, that the bill alleged of appellant, "that his general character for honesty is bad."

The averment in the third, fourth and fifth counts, is the same as in the second.

The sixth is for verbal slander, in saying of appellant, "His general character for honesty is bad;" "he is dishonest;" "he intends to keep the assets assigned to him by the said Goldsmiths, and cheat the creditors."

The seventh count avers a conspiracy by appellees, by filing the bill sworn to by them, to have appellant removed as assignee.

To this delaration appellees filed a demurrer, which was sustained by the court, and appellant abiding by his declaration, the court rendered judgment on the demurrer in bar of the action; and the case is brought to this court on appeal, and a reversal is asked because the demurrer was not overruled.

It has been the long and well recognized rule of the law, that proceedings in the regular course of justice are privileged. In the case of *Cutler* v. *Dickson*, 4 Coke, 14, it was held that no allegation contained in articles of the peace exhibited to justices, is actionable, it being a proceeding in the course of justice. Nor will any other proceeding in the regular course of justice, make it libelous. 2 Inst. 228; *Lake* v. *King*, 1 Saunders' R. 132, note 1; and in *Astley* v. *Younge*, 2 Burr. 807, Lord MANSFIELD announced and applied the same rule. And in the case of *Hartsock* v. *Reddick*, 6 Blackf. 255, the court say that a complaint made to a justice of the peace, or other qualified magistrate, for the purpose of enforcing justice against a person therein accused of crime, does not subject the person making the accusation to an action for slander or libel. And it is not material whether the charge be true or false, or whether it be sufficient to effect its object or not; if it be made in the due course of a legal or judicial proceeding, it is privileged, and can not be the foundation of an action for defamation. Numerous other authorities might be referred to if this were a doubtful question, but reason, as well as authority, fully sustain the rule. If it were not so, in almost every vigorously contested case one or the other party would render himself liable to an action for a libel. The reason of the rule applies with its full force to a bill in chancery, or in an answer, declaration or other pleading, as in many cases there would be a failure of justice, from the fear of the party of not being able to prove the facts necessary to maintain his rights, and of a suit for libel if he should not succeed in establishing the truth of his pleadings.

This, then, disposes of all of the counts but the sixth, which is for slander. Are the words declared on in that count actionable?

Bouvier, in his Law Dictionary, under the title slander, under the division of words actionable in themselves, says that they must impute " the guilt of some offence by which the party, if guilty, might be indicted and punished by the criminal courts." And he is supported by an array of authority that fully establishes the rule. Tested, then, by this rule, and as there is no imputation of crime in any of the words contained in this count, it follows that they are not actionable *per se*. It is a well recognized rule that where words are spoken of another, which are not actionable in themselves, they may be rendered so by averring and proving special damages which have resulted from the slander. In such cases, however, the special damages must be specifically averred in the declaration, with reasonable certainty. Selwyn's Nisi Prius, 1059. But in this case the declaration contains no such averment. The plaintiff only alleges, generally, that he was damaged thereby, but fails to state in what specific manner. Hence, the demurrer was properly sustained to this count, as well as all of the others in the declaration.

The judgment must be affirmed.

*Judgment affirmed.*