## Hibbard, Spencer, Bartlett & Co.

### v.

### John J. Ryan et al.

*Malicious Prosecution—Libel—Attachment—Corporations.*

1. The return upon a writ can not be added to by parol.
2. No action for libel will lie for any imputation upon the conduct of given parties contained in an affidavit for an attachment.
3. To sustain an action for a malicious prosecution of criminal process, the prosecution must have been judicially terminated in favor of the plaintiff. The action in the case presented stands upon the same footing.

[Opinion filed October 28, 1892.]

Appeal from the Circuit Court of Cook County; the Hon. Richard S. Tuthill, Judge, presiding.

Messrs. Edward J. Queeny and Gregory, Booth & Harlan, for appellant.

The first question, and one that lies at the threshold of the case, is whether or not an action for malicious prosecu-

tion will lie against a corporation.   It probably will by the weight of authority in this country, though it was denied by Lord Bramwell in Abrath v. North Eastern Railway Co., 55 L. T. R. 63; also by Baron Alderson in Stevens v. Midland Co. Ry. Co., 10 Exch. 352; McClelland v. Cumberland Bank, 24 Me. 566; Owsley v. M. & W. P. R. Co., 37 Ala. 560.

That it will lie is declared by Judge Cooley in his work on Torts, 121; Jordan v. Alabama & G. & S. R. Co., 74 Ala. 85; Gillett v. Missouri Valley R. Co., 55 Mo. 315; Hussey v. Norfolk Southern R. R. Co., 98 N. C. 34; Williams v. Insurance Co., 57 Miss. 759; Gulf C. & Santa Fe Co. v. James, 73 Texas, 12.   And this is assumed in Springfield E. & T. Co. v. Green, 25 Ill. App. 106.

It is the law in this State, and the wiser rule, that an action will not lie for the malicious prosecution of a mere civil suit, unless the person or property of the defendant is seized.   There may be special circumstances which take a case out of this rule, and such were held to exist by this court in a case which will be cited, but there are no circumstances to take this case out of the rule.   Cooley on Torts, 188–9; Bartlett v. Christhilff, 69 Md. 219; Wetmore v. Mellinger, 64 Iowa, 741; Mayor v. Walter, 64 Pa. St. 283; Muldoon v. Rickey, 103 Pa. St. 110; Gorton v. Brown, 27 Ill. 489; Payne v. Donegan, 9 Ill. App. 566.

Of course numerous cases to the contrary can be found, many of which are cited in a note to Brand v. Hinchman, 68 Mich. 590, as reported in 13 American State, 362.   And also in the notes to Pope v. Pollock, 46 Ohio St. 367, as reported in 15 American State Reports, 608.

But although there is this conflict of authority, the decision of our Supreme Court just quoted, and of this court in Payne v. Donegan, announces the law for this jurisdiction.

In the latter case this court, speaking through Judge McAllister, said:

"We are not prepared to hold that a defendant, in every civil suit, where there was no arrest of his person or attach-

ment of his goods, may, upon the suit being decided in his favor, turn around and upon the mere allegation that the suit was brought maliciously, and without any reasonable and probable cause, maintain an action on the case against the plaintiff as for malicious prosecution."

Accordingly, this court held in that case that where one man maliciously, and without probable cause, instituted a succession of suits against another before a justice of the peace, having an office at a distance from the place of residence of the defendant, and, when the defendant appeared to defend, caused such suits to be dismissed and immediately afterward commenced another for the same cause of action, such defendant had a right of action against the plaintiff in such vexatious and repeated suits.

The officer's return on the writ is as follows:

"Served this writ on each of the within named defendants, by reading the same to each of them, this 9th day of August, 1888. Canute R. Matson, sheriff, by J. H. Burke, deputy."

That the officer's return is conclusive, is established by a long list of authorities, both in this State and elsewhere. Irvin v. Smith, 66 Wis. 113; Fecheimer v. Bank, 31 Gratt. 651–60; Michels v. Stork, 52 Mich. 260; Leitch v. Colson, 8 Ill. App. 458; Harrison v. Hart, 21 Ill. App. 348; Major v. People, 40 Ill. App. 323; Fitzgerald v. Kimball, 82 Ill. 396; Hunter v. Stoneburner, 92 Ill. 75.

Certainly no damages can be recovered for the statements in the affidavit or writ of attachment itself. Maulsby v. Reifsnider, 69 Md. 143; Hunckel v. Voneiff, 69 Md. 179; Munster v. Lamb, Law Rep., 11 Q. B. Div. 588; Spaids v. Barrett, 57 Ill. 289.

Mr. E. F. DUNNE, for appellees.

As to the contention of appellants that "an action for malicious prosecution will not lie against a corporation," while there are cases holding this doctrine, the more recent and better reasoned cases clearly establish that the action will lie. That the action will lie against corpora-

tions is recognized in Springfield Engine and Thrashing Company v. Green, 25 Ill. App. 109, 110, and in Cleveland Co-operative Stone Company v. Koch, 37 Ill. App. 595.

In Sutherland on Damages, Vol. 1, p. 750, the author says: "In their appropriate sphere, corporations incur liability under the same conditions as private persons; they may thus be guilty of assault and battery, slander and libel, malicious prosecution, false imprisonment and fraud."

The same author in Vol. 3, page 271, in discussing the liability of corporations to incur exemplary damages, says: "If a corporation is guilty of an act or default, such as in the case of an individual would subject him to exemplary damages, it would be equally liable to such damages."

It is contended by appellant that it is the law in this State, and the wiser rule, that an action will not lie for the malicious prosecution of a mere civil suit, unless the person or property of the defendant is seized, except there be such circumstances as take the case out of the rule, and which it is claimed do not exist in this case.

In the first place the rule is not applicable to a suit commenced in attachment, but only to civil suits commenced in the ordinary way, as will be seen from a consideration of all the cases.

In every attachment proceeding there are elements of special damages.

In the case of Wetmore v. Mellinger, 64 Iowa, 741, cited by appellant, the court says: "It will be observed that a statement of the doctrine we have made (holding that an action will not lie for the malicious prosecution of a civil suit where there has been no arrest of the person or seizure of the property and no special injury) extends no further than to cases prosecuted in the usual manner where the defendants suffer no special damages or grievances other than are induced by all defendants in suits brought upon like causes of action. * * * But if an action is so prosecuted as to entail unusual hardship upon the defendant and subject him to special loss of property or of reputation, he ought to be compensated."

In McNamee v. Minke (Md.), Central Law Journal, Vol. 9, 421, where it is held that an action would not lie for a false and malicious prosecution of an ejectment suit, the court say: "It is not enough, however, for the plaintiff to declare generally that the defendant brought an action against him *malitia et sine causa, per quod* he put him to great charge, etc., but he must allege and show the grievance specially."

In the note in Central Law Journal, Vol. 18, p. 243, the author says that "The English cases of a recent date have to a great extent changed the old rule. The action now is allowed where special damages are made out. If special damages result from a claim made to goods, an action against the claimant may be maintained, if the claim be made maliciously, and without any reasonable or probable cause. ✳ ✳ ✳ And it is a sufficient special damage that one with whom a contract has been made for the sale of the goods refuses to deliver them in consequence of the claim." Citing Green v. Button, 1 Gale, 349.

In Pope v. Pollock, 46 Ohio State, 367, where it is held that an action lies maliciously, and without probable cause, instituting and prosecuting an action in forcible entry and detainer, the court say, after first holding that the action will lie regardless of the elements of special injury, "But there is no uncertainty in the present case for a determination of the question whether or not an action will lie for the malicious prosecution of a civil action, without probable cause, where there is no arrest or seizure, for the petition of the plaintiff makes a different case. In many of the States it is established that an action in forcible entry and detainer is an extraordinary proceeding and that it is summary in its character, and it may become, when prosecuted wrongfully, excessively annoying and harassing.

Appellants contend that there was an attempt in this case to contradict the officer's return on the attachment writ, and cite numerous cases to show that an officer's return can not be contradicted. We have examined all the cases cited by appellants, and find that they were all cases where

the officers' returns showed service according to the exigencies of the writ. In none of the cases was there a failure of return to show all that the officer did under the writ. In all the cases cited by appellant there was an attempt made to contradict facts expressly stated in the return, which, of course, was held not admissible. In not one of these cases was there an attempt to supplement the officer's return in matters wherein it was silent.

MR. JUSTICE GARY. The appellant is a corporation; the appellees a partnership. The action is by the latter, as plaintiff below, against the former, for maliciously prosecuting an attachment without probable cause. Were there no other objections, the corporate character of the appellant would be no defense. 2 Beach on Corporations, Sec. 453. But the return on the writ of attachment does not show that any property was attached, and the return can not be added to by parol. Wilson v. Greathouse, 1 Scam. 174; Botsford v. O'Connor, 57 Ill. 72.

For any imputation upon the conduct of the appellees, contained in the affidavit for an attachment, no action for libel would lie. Strauss v. Mayer, 48 Ill. 385.

It follows that it is not an independent ground of action in any form. The appellees submitted to the attachment; paid the just debt for which it was sued out, and costs. This bars the present action. To sustain an action for a malicious prosecution of criminal process, the prosecution must have been judicially terminated in favor of the plaintiff. Leyenberger v. Paul, 40 Ill. App. 516. This action stands on the same footing. Lawrence v. Hageman, 56 Ill. 68.

There is a class of actions very ill defined, called actions for the abuse of process, which resemble somewhat actions for malicious prosecution—Wanzer v. Bright, 52 Ill. 35, and Spaids v. Barrett, 57 Ill. 289, are examples—the tendency of which is to mislead and confuse. But they stand upon the ground that the plaintiffs in them sought by them to obtain something to which they were not entitled at all, or used, some fraud or deception, misleading the defendant. See Johnson v. Reed, 136 Mass. 421, and cases there cited.

In fact the only grievance which the appellees suffered was in the alleged falsity of the affidavit upon which the attachment issued, and for that there is no remedy.    Strauss v. Meyer, 48 Ill. 385.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*