### John Schwender, Appellant, v. Willis D. Smith et al., Appellees.

### Gen. No. 14,900.

LIBEL—*when demurrer to declaration properly sustained.* If a declaration charges a libel as being contained in a pleading filed in a court of general jurisdiction, it being alleged that the libelous matter contained in such pleading was irrelevant, the facts showing the irrelevancy alleged should be set up in the declaration; otherwise it does not show a cause of action.

Action on the case. Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed January 24, 1910.

JOHN SCHWENDER, pro se; L. P. CONOVER, of counsel.

W. S. KIES and SHERMAN M. BOOTH, for appellees,

Schwender v. Smith, 152 Ill. App. 436.

MR. JUSTICE BAKER delivered the opinion of the court.

In an action on the case for libel a demurrer to the declaration was sustained, and the defendant electing to abide by his declaration judgment was given for the defendants and the plaintiff appealed.

The declaration contains but one count. It alleges that plaintiff is a member of the bar of Cook county; that defendants falsely and maliciously, etc., wrote and published a certain false, malicious and defamatory libel of and concerning the plaintiff and of and concerning his said profession and business, "in the form of a bill in chancery filed in the Circuit Court of Cook county, filed in a certain cause then pending therein, in which the said defendant, Willis D. Smith, is complainant, and one Mary C. B. Griswold and others are defendants (but the plaintiff herein is not a party to said suit), which said bill contained the following false, scandalous, malicious, defamatory and libelous matter, well known by defendants to be, and which was wholly irrelevant, impertinent and immaterial to the subject-matter or question involved in said bill, or to any remedy, right, or cause of action or relief which said Smith had in or to the subject-matter contained in said bill, namely, 'that by the fraudulent, dishonest and unconscionable action of said Schwender' (meaning the plaintiff as such attorney and solicitor as aforesaid) 'in omitting and wilfully failing and refusing to present said matter to the Probate Court' (meaning a certain matter or proceeding then pending in the Probate Court of Cook county) 'the amount or sum which would have been allowed to said Smith' (meaning the defendant Smith herein, who was the moving party in said matter or proceeding before the said Probate Court) 'as and for his services as such executor' (meaning the defendant Smith as one of the executors of the estate of Edward P. Griswold, deceased) 'was wrongfully paid to and divided between the heirs and each of them of said deceased' (meaning the heirs of

said Edward P. Griswold, deceased, of whose estate said Smith was one of the executors) 'and that such heirs and each of them received' (meaning the said heirs of said Edward P. Griswold, deceased) 'as the proportion coming to them, and each of them from said estate' (meaning said estate of said Edward P. Griswold, deceased) 'just so much more than they' (meaning said heirs) 'would have received in equity and good conscience, as the amount of which said Smith' (meaning the defendant Smith as such executor) 'was wrongfully deprived by said Schwender' (meaning the plaintiff) 'being the same amount that said Smith' (meaning the defendant Smith as such executor) 'would and should have been allowed.' And the plaintiff avers that by the writing, publishing and filing of said bill as aforesaid the defendants meant and intended to and did falsely and maliciously charge the plaintiff as such attorney and solicitor as aforesaid with having acted fraudulently, dishonestly and unconscionably in the said proceeding before the Probate Court as aforesaid, and by reason thereof the amount or sum which would have been allowed to said Smith as and for his services as such executor was wrongfully paid to and divided between the said heirs of said deceased as aforesaid. And the plaintiff further avers that the matters and things alleged in said bill as aforesaid are false, defamatory and libelous, and were wholly irrelevant and improper, impertinent and immaterial to the subject-matter or questions involved in the cause or alleged cause set forth in said bill, and that the court in which said bill was filed as aforesaid had no jurisdiction to hear and determine the cause or alleged cause in said bill set forth, all of which the defendants well knew at the time of the writing and filing of said bill as aforesaid.'' The count concluded with an allegation of general damages only to the plaintiff.

In England all pleadings in judicial proceedings are absolutely privileged. In some of the American states

the rule appears to be that the privilege is not absolute and cannot cover a case where a party injects into a pleading defamatory matter wholly irrelevant to the question in litigation, or where such matter is alleged in a pleading filed in a court which is without jurisdiction to hear the cause in which such pleading is filed.

In Ash v. Zwietusch, 159 Ill. 457, the Supreme Court found it unnecessary to decide whether the privilege is absolute or whether it does not cover such a case. Counsel in this case agree that the following is a correct statement of the law: "Statements made in pleadings, in the course of judicial proceedings, before a competent tribunal, though they are such as if used elsewhere, would import malice, and be actionable *per se,* are not actionable if they are applicable and pertinent to the subject of inquiry."

The count alleges that the matter alleged to be libelous was published in a bill in chancery filed in the Circuit Court, a court of general chancery jurisdiction. *Prima facie,* at least, the matter was privileged. To state a cause of action it was therefore necessary for the pleader to aver facts to bring the case within some exception to the rule. It was not necessary to plead evidence of the facts relied on to bring the case within an exception to the rule, but enough of the facts relied on as bringing the case within an exception to the rule must be alleged to enable the court to determine their sufficiency. The allegation that the matter alleged to be libelous, "was irrelevant, impertinent and immaterial to the subject-matter or question involved in said bill, or to any right, etc., which said Smith had in or to the subject-matter contained in said bill," and the allegation that the matters alleged in said bill, "were wholly irrelevant, improper, impertinent and immaterial to the subject-matter or questions involved in the cause, or alleged cause, set forth in said bill, and that the court in which said bill was filed had no jurisdiction to hear the cause or alleged cause in said bill set forth," rest on no alleged fact as to the contents, scope,

purpose or object of the bill. Unaided by presumptions or inferences from facts alleged, such averments are only statements of the legal conclusions of the pleader. The demurrer admits the facts pleaded, but not the mere conclusions of the pleader not based on alleged facts. We think that, conceding the rule of law stated by counsel to be a correct statement of the law of this state, the declaration fails to state a cause of action and the demurrer was therefore properly sustained.

In Strauss v. Meyer, 48 Ill. 385, the declaration stated the scope and purpose of the bill, from which it appears that the defamatory matter stated in the declaration was pertinent and material. The Superior Court sustained a demurrer to the declaration and the judgment was affirmed on the ground that the matter was privileged. In Ash v. Zwietusch *supra* the alleged libelous matter was contained in an answer to a bill in chancery. The declaration set out in full the bill and answer and averred that the defamatory matter contained in the answer was wholly irrelevant and impertinent to the matter in controversy and was inserted in the answer maliciously, etc. A demurrer to the declaration was sustained. It was held that it appeared from a reading of the bill and answer that the defamatory matter was not wholly irrelevant and that the demurrer to the declaration was properly sustained.

The declaration in that case, as well as in this, averred that the defamatory matter was irrelevant. In that case the conclusion that the matter was irrelevant was inconsistent with the facts alleged. In this case the averment is without any alleged facts to support it.

The demurrer was properly sustained, and the judgment of the Circuit Court is affirmed.

*Affirmed.*