ROBERT A. WITHALL, Plaintiff-Appellant, v. CAPITOL FEDERAL SAVINGS OF AMERICA, f/k/a Capitol Federal Savings & Loan Association, *et al.*, Defendants-Appellees.

First District (1st Division)   No. 85—2115

Opinion filed May 4, 1987.

538

Ashcraft & Ashcraft, Ltd., of Chicago (Timothy J. McGonnegle and John R. Withall, of counsel), for appellant.

Neal R. Novak and Marjorie E. Schaffner, both of McNeela & Griffin, Ltd., and Gomberg & Sharfman, Ltd., both of Chicago, for appellee Capitol Federal Savings of America.

JUSTICE O'CONNOR delivered the opinion of the court:

This is an appeal from an order dismissing all five counts of a complaint seeking damages for libel *per se*, libel *per quod*, and abuse of process. At issue on appeal is: (1) whether a finding that defamatory allegations in the complaint were untrue and made without reasonable cause negates the absolute privilege generally accorded pleadings; (2) whether the discovery rule can be construed to allow the statute of limitations to run from the time of the destruction of the privilege rather than from the time of the publication of the defamatory statements; and (3) whether plaintiff's complaint pleads a cause of action for abuse of process.

On November 21, 1984, the plaintiff, Robert A. Withall (Withall) filed a five-count verified complaint against Capitol Federal Savings of America (Capitol) and Thomas G. Przyborski (Przyborski) individually and as Capitol's executive vice-president. Withall alleged as follows: For approximately 34 years (from 1946-1980), he had been regularly employed in the banking and thrift industry in increasing positions of trust and confidence. During that time he was required to and did submit to inquiry from bonding authorities to allow his employers to obtain a surety bond to cover any loss that might occur from a violation of this trust.

In August 1976, he was employed by Capitol as a loan officer. As a necessary prerequisite to employment by Capitol, Withall provided Capitol's surety with the information necessary to demonstrate his integrity and to allow the surety to issue a bond covering his employment.

In May 1978, Withall became a member of Capitol's loan committee, then comprised of president C. James Salak and executive vice-president Przyborski. Despite the fact that he performed all of his duties in an honest, good, and workmanlike manner, he was terminated by Capitol on July 15, 1979. He was subsequently reemployed in the banking industry in another position of trust and confidence that also required that a surety issue a bond to cover his employment.

On June 16, 1980, Hinsdale Federal Savings and Loan Association filed an action against Capitol in the circuit court of Cook County al-

leging Capitol's breach of contract and misrepresentation in connection with a loan participation agreement to which both associations had been parties. Przyborski and Capitol's counsel interviewed Withall regarding the loan transaction in question and confronted him with allegations that certain loan documents were missing.

Following the interview, on July 11, 1980, Capitol filed an action against Withall and other defendants. The unverified complaint alleged that Withall conspired to defraud Capitol by obtaining the proceeds of an inflated first mortgage loan on a portion of property and that in furtherance of the conspiracy he removed or concealed certain files and concealed the scheme from Capitol by destroying certain business records.

On November 7, 1980, Capitol Federal, through its executive vice-president, Przyborski, filed under oath a proof of loss under fidelity bond with Fidelity & Deposit Company of Maryland. In it, Capitol re-alleged the statements made in the July 11, 1980, unverified complaint and stated that Capitol had sustained a loss in the amount of $1,135,000 through the dishonesty of loan officer Robert Withall.

In a January 14, 1981, unverified amended complaint, Capitol alleged:

> "(e) Defendant Withall removed certain records from the files of Capitol so that the second loan transaction with the Defendants would not be known to the Board of Directors and the Loan Committee of Capitol, and did cause the Plaintiff to disburse the sum of $650,000 to the Defendants, based upon the fraudulent and erroneous appraisal and other documents submitted by the Defendants.
>
> \*\*\*
>
> (g) That each and every Defendant herein concealed the fraudulent scheme from [Capitol] by destroying business records; said conspiracy only being discovered by the Plaintiff on the acquisition of the security property in May 1980."

Thirty-four months after filing its complaint, Capitol voluntarily nonsuited Withall. Withall made no payment to or settlement with Capitol. On June 17, 1983, Withall filed a section 2—611 motion for recovery of attorney fees and costs incurred in defending the case filed by Capitol based on the fact that Capitol's allegations against Withall were untrue and made without reasonable cause. Ill. Rev. Stat. 1985, ch. 110, par. 2—611.

On December 23, 1983, the trial court granted Withall's section 2—611 motion and entered judgment against Capitol for Withall's attorney fees and costs. Capitol appealed and this court affirmed in a

Rule 23 order. *Capitol Federal Savings & Loan Association v. Union Realty Mortgage Co.* (1985), 136 Ill. App. 3d 1154, 497 N.E.2d 1038 (unpublished Rule 23 order).

Withall then filed the complaint at issue here, alleging causes of action for libel *per se* and libel *per quod* based on Capitol's publication of the original and amended complaints charging him with fraud and publication of the proof of loss under fidelity bond charging him with dishonesty. Withall also charged the defendants with abuse of process in maliciously and wrongfully instituting the action against him for the improper purpose of defending themselves against the action filed by Hinsdale Federal and to form a basis for collecting on Withall's bond.

The defendants filed a motion to dismiss pursuant to section 2—619 of the Code of Civil Procedure (Ill. Rev. Stat. 1985, ch. 110, par. 2—619) alleging that (1) all counts were barred by the applicable statute of limitations; (2) the allegedly libelous publications were absolutely privileged or, in the alternative, qualifiedly privileged; (3) the abuse of process count failed to state a cause of action; and (4) no facts existed which imputed individual liability to defendant Przyborski.[1] The trial court dismissed all five counts and this appealed followed.

Counts I-IV of the complaint were dismissed as barred by section 13—201 (Ill. Rev. Stat. 1985, ch. 110, par. 13—201), which provides as follows:

> "Actions for slander, libel or for publication of matter violating the right of privacy, shall be commenced within one year next after the cause of action accrued."

■ Traditionally, the statute of limitations has been held to run from the time that the last act giving rise to the cause of action has occurred. (*Gray v. American Radiator & Standard Sanitary Corp.* (1961), 22 Ill. 2d 432, 435, 176 N.E.2d 761.) A cause of action accrues when the plaintiff can first institute the action. (*Pfeifer v. Bell & Howell Co.* (1977), 53 Ill. App. 3d 26, 27, 368 N.E.2d 520.) The question to be resolved then, is when the limitations period began to run.

Plaintiff's position is that pending the resolution of the section 2—611 motion the statements in the complaint were privileged. He argues, however, that the privilege generally afforded pleadings is ne-

---

[1] A fifth allegation, that the case was barred by the pending appeal of the judgment entered against Capitol, has been mooted by this court's ruling in *Capitol Federal Savings and Loan Association v. Union Realty Mortgage Co.* (1985), 136 Ill. App. 3d 1154, 497 N.E.2d 1038 (unpublished Rule 23 order).

gated by a party's making untrue allegations without reasonable cause. He also argues that counts II and IV, which alleged that defamatory statements were made in the proof of loss, are not absolutely privileged. To the extent that the qualified privilege would apply to protect the defendant's defamatory publications in the proof of loss, Withall argues that the defendants are liable for defamation where, as here, the qualified privilege is abused, citing *Zeinfeld v. Hayes Freight Lines, Inc.* (1968), 41 Ill. 2d 345, 350, 243 N.E.2d 217; *Colson v. Stieg* (1980), 86 Ill. App. 3d 993, 997, 408 N.E.2d 431, *aff'd* (1982), 89 Ill. 2d 205. Thus plaintiff concludes that the defamatory statements were actionable for the first time on May 1, 1984, when the trial court's order finding that Capitol's complaints were untrue and made without reasonable cause became final. Plaintiff contends that he was within the one-year statute of limitations since he filed his complaint for libel and abuse of process approximately seven months later on November 21, 1984.

To reach this conclusion, plaintiff invokes the discovery rule, which postpones the starting of a limitation period until a plaintiff has knowledge or should have knowledge of the defendant's wrongful acts. (*Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 414, 430 N.E.2d 976; see also *Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1975), 61 Ill. 2d 129, 334 N.E.2d 160 (applying the discovery rule to libel actions).) The purpose of the discovery rule is to alleviate harsh results that might result from the literal application of statutes of limitation. *Knox College v. Celotex Corp.* (1981), 88 Ill. 2d 407, 414, 430 N.E.2d 976.

In all of the cases cited by plaintiff, the discovery rule is limited to the discovery of facts that will apprise a party that he has a cause of action. We have found no cases in which the rule has been applied to the occurrence of a legal event, such as the date that an order of the court becomes final.

In a libel action, the limitation period begins to run when there is publication of the libelous material to a third party. (*Tom Olesker's Exciting World of Fashion, Inc. v. Dun & Bradstreet, Inc.* (1975), 61 Ill. 2d 129, 131-32, 334 N.E.2d 160.) In the present case, publication occurred, if at all, either at (a) the interview between Withall and the defendants held prior to July 11, 1980, (b) when suit was filed on July 11, 1980, (c) when Capitol submitted its proof of loss to the bonding company on November 7, 1980, or (d) when Capitol filed its amended complaint on January 14, 1981. There were no "facts" as that term is applied in the discovery rule which plaintiff discovered on May 1, 1984, when the trial court's ruling became final. The removal

of the affirmative defense of absolute privilege is a matter of law, not a matter of fact, and therefore the discovery rule does not apply to postpone the running of the statute of limitations.

Plaintiff contends that the trial court's grant of his section 2—611 motion in the Capitol case removes the defamatory publications from the realm of absolute privilege and makes them actionable. On consideration of the history of absolute privilege in Illinois and the purpose of section 2—611, we disagree.

■ The purpose of section 2—611 is limited. It is intended to penalize a litigant who pleads frivolous or false matters or brings suit without basis in law which results in another party expending money to defend against an untenable suit. (*In re Estate of Palm* (1973), 11 Ill. App. 3d 24, 28, 295 N.E.2d 580.) The statute is penal in nature and may be invoked only in cases falling strictly within its terms. (*Fewer v. Grant* (1982), 111 Ill. App. 3d 747, 750, 444 N.E.2d 628, *appeal denied* (1983), 93 Ill. 2d 542.) Our courts have declined to expand the purposes of section 2—611 beyond its intended purpose. See, *e.g., Schnack v. Crumley* (1982), 103 Ill. App. 3d 1000, 431 N.E.2d 1364, *appeal denied* (1982), 91 Ill. 2d 565; *Sarelas v. Alexander* (1971), 132 Ill. App. 2d 380, 270 N.E.2d 558.

■ In *Strauss v. Meyer* (1868), 48 Ill. 385, Illinois recognized the rule that anything spoken or written in the regular course of legal proceedings is absolutely privileged as long as it is pertinent and material to the matter in controversy. The view that absolute privilege is irrevocable and nondefeasible is given further support in *McDavitt v. Boyer* (1897), 169 Ill. 475, 482, in which the court stated:

> "No action for slander will lie against a witness for what he says or writes in giving evidence in a judicial proceeding, notwithstanding it may be malicious or false. The privilege, that exempts a witness from such action, is absolute."

The parties here agree that the allegations at issue were an integral part of the pleadings, but plaintiff contends that the absolute privilege can be removed if the trial court finds that the allegations are not true and are made unreasonably. The court in *Strauss*, however, made it clear that no other proceeding in the regular course of justice will serve to make any otherwise protected allegation libelous. (*Strauss v. Meyer* (1868), 48 Ill. 385, 387.) We interpret this to include what is now known as a section 2—611 motion and we therefore hold that a section 2—611 motion cannot be the foundation for an action for libel.

■ We also hold that count V of plaintiff's complaint, which alleged abuse of process, was barred by section 13—202 (Ill. Rev. Stat.

1985, ch. 110, par. 13—202). Moreover, we believe that plaintiff failed to state a cause of action for abuse of process.

An action for abuse of process is governed by the two-year statute of limitations set out in section 13—202 of the Code of Civil Procedure. The statute of limitations in such actions commences to run from the date that the last act giving rise to the cause of action has accrued. (*Gray v. American Radiator & Standard Sanitary Corp.* (1961), 22 Ill. 2d 432, 435, 176 N.E.2d 761.) Since the only "process" alleged by plaintiff was the institution of the lawsuit by Capitol, the last act that could have given rise to the cause of action occurred no later than January 14, 1981, the date on which Capitol filed its amended complaint. The last date on which plaintiff could have filed his action for abuse of process was January 14, 1983; therefore the count alleging abuse of process was properly dismissed as being filed almost two years too late.

■ The requisite elements of an action for abuse of process are: (1) the existence of an ulterior purpose or motive, and (2) some act in the use of the legal process which is not proper in the regular prosecution of the proceedings. (*Holiday Magic, Inc. v. Scott* (1972), 4 Ill. App. 3d 962, 966, 282 N.E.2d 452, *appeal denied* (1972), 52 Ill. 2d 594.) In his briefs, plaintiff does not identify the process abused by the defendants other than to suggest that it was the filing of the initial lawsuit. This is insufficient.

As we stated in *Holiday Magic, Inc. v. Scott* (1972), 4 Ill. App. 3d 962, 967, 282 N.E.2d 452, *appeal denied* (1972), 52 Ill. 2d 594:

> "[The] mere institution of proceedings does not in and of itself constitute abuse of process. Some act must be alleged whereby there has been a misuse or perversion of the process of the court. It is the settled law of Illinois that mere institution of a suit or proceeding, even with a malicious intent or motive, does not itself constitute an abuse of process."

■ The action lies for improper use of process after it has been issued for the purpose of accomplishing a result which could not be accomplished through the suit itself. (See *Bonney v. King* (1903), 201 Ill. 47, 50-51, 66 N.E. 377; *Doyle v. Shlensky* (1983), 120 Ill. App. 3d 807, 815-16, 458 N.E.2d 1120.) Courts in Illinois have found that this generally requires plaintiff to have suffered an actual arrest or seizure of his property. *John Allan Co. v. Brandow* (1965), 59 Ill. App. 2d 328, 335, 207 N.E.2d 339, *appeal denied* (1965), 32 Ill. 2d 625.

Although plaintiff here did not plead either that he was arrested or that his property was seized, he did allege that the filing of the conspiracy action and the proof of loss under the surety bond consti-

tuted an injury to both his person and property by destroying his bondability.

It is not clear from the pleadings that the plaintiff's bondability has been destroyed, since this allegation is contradicted by other allegations in the complaint which state that he was reemployed in the banking industry in a position of trust. However, even if we were to take the allegation as true, it does not constitute the actual seizure of his property or person that is required to sustain an action for abuse of process. (See *John Allan Co. v. Brandow* (1965), 59 Ill. App. 2d 328, 335, 207 N.E.2d 339, *appeal denied* (1965), 32 Ill. 2d 625.) Accordingly, we hold that the trial court did not err in dismissing count V of plaintiff's complaint for failure to state a cause of action for abuse of process.

For the foregoing reasons, the order of the circuit court of Cook County dismissing plaintiff's complaint with prejudice is affirmed.

Judgment affirmed.

QUINLAN, P.J., and BUCKLEY, J., concur.