| NONPRECEDENTIAL DISPOSITION |
| :---: |
| To be cited only in accordance with Fed. R. App. P. 32.1 |

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 7, 2016[*]
Decided October 13, 2016

**Before**

DIANE P. WOOD, *Chief Judge*

RICHARD A. POSNER, *Circuit Judge*

FRANK H. EASTERBROOK, *Circuit Judge*

No. 16-1065

| | |
| --- | --- |
| POMPII R. VAUGHN, JR., | Appeal from the United States District |
| *Plaintiff-Appellant*, | Court for the Central District of Illinois. |
| | |
| *v.* | No. 15-3281 |
| | |
| CLAYTON J. CHAPMAN, et al., | James E. Shadid, |
| *Defendants-Appellees*. | *Chief Judge*. |

**O R D E R**

After state criminal charges against Pompii Vaughn were dismissed, he sued everyone involved in the criminal case: the Illinois county where he was prosecuted; the judge, prosecutor, and public defender involved in the case; and the two Illinois state troopers who conducted the traffic stop that led to his arrest. Vaughn has asserted both federal and state theories in his complaint. He is currently imprisoned, and so the district court screened his complaint as required by 28 U.S.C. § 1915A. It concluded that

---

[*] We have unanimously agreed to decide the case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. See FED. R. APP. P. 34(a)(2)(C).

this action is precluded by the judgment in an earlier suit Vaughn pursued arising from the same prosecution and dismissed the case. Vaughn has appealed.

Vaughn's complaint is lengthy, and for purposes of this appeal we accept its allegations as true. See *Parker v. Lyons*, 757 F.3d 701, 704 (7th Cir. 2014). Vaughn, a felon then living in Arizona, was driving through Illinois on August 20, 2013, when he was stopped by state trooper Clayton Chapman. In Chapman's incident report, which Vaughn appended to his complaint, the trooper says that he stopped Vaughn for speeding and having an obstructed windshield (caused by an air freshener). Vaughn alleges that the real reason he was stopped was Chapman's suspicion that Vaughn and his female passenger were smuggling drugs—both are black and the car had Arizona license plates.

Vaughn acknowledges in his complaint that during the stop Trooper Chapman quickly discovered that Vaughn was driving on a suspended license and was wanted on a warrant from Wisconsin. Despite the lack of any sign of contraband, Chapman called for a drug-sniffing dog, which arrived with another state trooper, Kevin Howell, about 20 minutes into the stop. Vaughn alleges that Howell "signaled" the dog to give a false alert so that the troopers would have an excuse to search the car. Their search did not turn up any drugs, but it did reveal a pistol in the trunk. Vaughn denied possessing or even knowing about the gun. His passenger (who owned the car) did not claim the weapon either. She was allowed to leave with the car after several hours of roadside investigation, but Vaughn was taken to the Sangamon County jail. By then Trooper Chapman had contacted Arizona authorities, who responded (whether before or after Vaughn was taken to the jail is unclear) that Vaughn was suspected of committing an armed robbery and aggravated assault a few days earlier. A spent casing of the same caliber as the pistol had been found during the investigation of the Arizona offenses.

Two days later, Vaughn was charged by an assistant state's attorney with possessing a firearm as a felon in violation of 720 ILCS 5/24-1.1(a). Vaughn alleges that Trooper Chapman pushed the prosecutor to charge him in order to give Arizona authorities more time to build their case. (The day before the Illinois charge was filed, Vaughn had waived extradition to Wisconsin, but Vaughn's complaint does not say what became of that state's charge.) Vaughn was detained in Sangamon County until December 2014, when the assistant state's attorney dismissed the charge to allow the Arizona prosecution to proceed. All the while, Vaughn says, he had been urging his public defender and the state judge to expedite his trial.

Based on these facts, Vaughn asserts that all of the individual defendants violated the Fourth Amendment, denied him due process, and committed state-law torts. Troopers Chapman and Howell, he says, engaged in abuse of process and malicious prosecution. The district court dismissed the action at screening, noting that Vaughn had filed an earlier lawsuit raising the same claims against the "same defendants," and that case had been dismissed with prejudice on the ground that the defendants were immune from suit. See *Vaughn v. Scherschlight*, No. 15–3197–SEM–TSH, 2015 WL 4778262 (C.D. Ill. Aug. 13, 2015). Vaughn appealed from that decision, but he later dismissed the appeal voluntarily. The district court held that the final judgment precludes this new action.

Before this court, Vaughn effectively concedes that a straightforward application of the doctrine of claim preclusion would bar this action against all of the defendants except the two state troopers. Vaughn suggests, however, that his earlier suit was mishandled by the district court and for that reason should not be preclusive. But that is not the way things work. Vaughn abandoned his appeal from the earlier judgment, and by doing so he abandoned any contention that his initial lawsuit was dismissed erroneously. See *Tartt v. Nw. Comty. Hosp.*, 453 F.3d 817, 822 (7th Cir. 2006); *Fed'n of Adver. Indus. Representatives, Inc. v. City of Chicago*, 326 F.3d 924, 929 (7th Cir. 2003). The district court thus correctly found that the earlier lawsuit precludes Vaughn's suit against all defendants who appear in both.

Troopers Chapman and Howell, however, were not defendants in the first suit, and so Vaughn argues that there can be no preclusion with respect to them. We agree with him on this point. The federal law of claim preclusion requires "(1) identity of the claim, (2) identity of parties, which includes those in 'privity' with the original parties, and (3) a final judgment on the merits." *Ross ex rel. Ross v. Bd. of Educ. of Twp. High Sch. Dist. 211*, 486 F.3d 279, 283 (7th Cir. 2007); see also *Cannon v. Burge*, 752 F.3d 1079, 1101 (7th Cir. 2014). Chapman and Howell were not in privity with the defendants who were sued. They are being sued in their individual capacity, and their interests were not represented in the earlier suit. See *Gray v. Lacke*, 885 F.2d 399, 405 (7th Cir. 1989); *Conner v. Reinhard*, 847 F.2d 384, 395–96 (7th Cir. 1988); *Beard v. O'Neal*, 728 F.2d 894, 897 (7th Cir. 1984).

But that is as far as we can go for Vaughn. His claims arise from the August 2013 traffic stop and his arrest, and he did not bring this case until September 28, 2015, more than two years later. Those claims accrued at the time of the stop, see *Wallace v. Kato*, 549 U.S. 384, 388 (2007), and so they are barred by the two-year statute of limitations

applicable to claims under § 1983 arising in Illinois. See 735 ILCS 5/13-202; *Rosado v. Gonzalez*, No. 15-3155, 2016 WL 4207961, at *1 (7th Cir. Aug. 10, 2016). A remand to consider them would thus be futile.

Vaughn's claims of malicious prosecution, whether we consider them under federal or state law, fare no better. This court has held that a federal claim for malicious prosecution exists only when there is no adequate state tort remedy, and Illinois has one. See *Julian v. Hanna*, 732 F.3d 842, 845 (7th Cir. 2013); *Newsome v. McCabe*, 256 F.3d 747, 750–51 (7th Cir. 2001). Other circuits, however, take the position that the existence of a federal claim does not turn on the availability of a state remedy. See *Julian*, 732 F.3d at 846 (collecting cases). The Supreme Court has granted certiorari to resolve this question, *Manuel v. City of Joliet*, 590 F. App'x 641 (7th Cir. 2015), *cert. granted* 136 S. Ct. 890 (2016), but the answer does not matter in this case. Under both federal and state law, the existence of probable cause is a complete defense to malicious prosecution, see *Hart v. Mannina*, 798 F.3d 578, 587 (7th Cir. 2015); *Johnson v. Saville*, 575 F.3d 656, 659 (7th Cir. 2009), and the detailed allegations in Vaughn's complaint leave no room for doubt that there was probable cause to charge him with possessing a firearm as a felon. Probable cause, under federal law, exists "when the totality of the facts and circumstances within [the officers'] knowledge at the time of the arrest would warrant a reasonable person in believing the person has committed a crime." *Hart*, 798 F.3d at 587. Under Illinois law the "existence of probable cause in a malicious-prosecution action is 'determined by looking to what the defendants knew at the time of subscribing a criminal complaint' and not at the (earlier) time of arrest." *Gauger v. Hendle*, 954 N.E.2d 307, 329 (Ill. App. Ct. 2011) (quoting *Porter v. City of Chicago*, 912 N.E.2d 1262, 1273 (Ill. App. Ct. 2009)). For such an action, probable cause is "a state of facts that would lead a person of ordinary care and prudence to believe or to entertain an honest and sound suspicion that the accused committed the offense charged." *Grundhoefer v. Sorin*, 20 N.E.3d 775, 780 (Ill. App. Ct. 2014) (quoting *Fabiano v. City of Palos Hills*, 784 N.E.2d 258, 266 (Ill. App. Ct. 2002)). Here the troopers had discovered a firearm in the trunk of the car Vaughn was driving and learned from a records search that Vaughn is a felon. They also learned from authorities in Arizona that Vaughn was a suspect in an aggravated assault and armed robbery involving a weapon of the same caliber. This was sufficient.

Although Vaughn alleges that this evidence was the fruit of an illegal search of the car, this would not undermine its relevance to the question of probable cause. The exclusionary rule does not apply in a § 1983 suit against police officers. See *Lingo v. City of Salem*, No. 14-35344, 2016 WL 4183128, at *4 (9th Cir. Aug. 8, 2016); *Black v. Wigington*,

811 F.3d 1259, 1267–68 (11th Cir. 2016); *Townes v. City of New York*, 176 F.3d 138, 145 (2d Cir. 1999); *Wren v. Towe*, 130 F.3d 1154, 1158 (5th Cir. 1997). The same is true for a malicious-prosecution suit under Illinois law. See *Gauger*, 954 N.E.2d at 330, 332 (proper for the jury to consider the confession in determining whether there was probable cause to prosecute, and "whether he was under arrest [throughout the interrogation] had no bearing on whether there was probable cause to prosecute him"). Thus, regardless of whether Troopers Chapman and Howell had justification for searching the trunk of the car that Vaughn was driving, their discovery established probable cause for the charge and thus defeated any claim of malicious prosecution. See *Johnson*, 575 F.3d at 664. Without an underlying constitutional violation, Vaughn also cannot succeed on a claim that the defendants conspired to deprive him of his rights. See *Sow v. Fortville Police Dep't*, 636 F.3d 293, 305 (7th Cir. 2011).

Finally we consider Vaughn's remaining state-law tort claim against the troopers for abuse of process. Abuse of process requires "(1) the existence of an ulterior purpose or motive and (2) some act in the use of process that is not proper in the regular course of proceedings." *Neurosurgery & Spine Surgery, S.C. v. Goldman*, 790 N.E.2d 925, 929 (Ill. App. Ct. 2004). But this claim, too, is time-barred. The statute of limitations for suits against public employees is one year, see 745 ILCS 10/8-101(a), and commences for a claim of abuse of process "from the date that the last act giving rise to the cause of action has accrued." *Withall v. Capitol Fed. Sav. of Am.*, 508 N.E.2d 363, 367 (Ill. App. Ct. 1987). Vaughn does not allege any improper acts by the troopers after he was charged in August 2013, and thus his suit was brought too late.

AFFIRMED.