DAVID KOPEL, Plaintiff-Appellant, *v.* THE BOARD OF EDUCATION OF THE CITY OF CHICAGO, Defendant-Appellee.

(Nos. 53820-53909 cons.;

First District—October 6, 1971.

Overton, Marks & Schwartz, and James W. Coffey, all of Chicago, (John T. Mehigan, Thomas R. Tyrell, and Richard E. Girard, of counsel,) for appellee.

Mr. JUSTICE BURMAN delivered the opinion of the court:

In this proceeding for declaratory judgment the plaintiff, David Kopel, a teacher employed by the defendant, Board of Education of the City of Chicago (hereafter Board), seeks to recover compensation for consulting services allegedly rendered under a written contract. After a trial without a jury, the Court entered judgment for the Board and the plaintiff appeals.

The Board, at its regular meeting held on February 27, 1957, adopted and approved a contract between the Board and the Illinois Department of Public Education (hereafter Department) for a Co-operative Research Project to be carried out between March 1, 1957, and June 30, 1960. This contract involved the performance of research by the Board in the education of mentally handicapped pupils and the transmittal of federal funds to the Board by the Department. A separate agreement was entered into between the Department and the United States Commissioner of Education which included the Board's proposal for the Cooperative

Research Project entitled "How Mentally Handicapped Children Learn Under Classroom Conditions."

Under the Cooperative Research Project, the Board agreed to make a financial contribution equivalent to $922,800.00 by allocating salaries of employees and by permitting the use of its educational facilities. The plaintiff was named in the Cooperative Research Project as a major research consultant with a salary of $200.00 per month which was to be paid out of funds received from the Federal Government. The Department agreed to make a financial contribution of $591,186.00 which it would receive from the Federal Government.

Between March, 1957, and June, 1960, the plaintiff was employed on a full time basis by the Board as a certified teacher, working as Director of the Graduate School in the Chicago Teachers' College. He received a salary as a teacher during this time period, and at no time did he enter into a written contract with the Board under which he would receive additional compensation for services rendered on the Cooperative Research Project.

The plaintiff contends that by the Board approving the contract with the Department at one of its regular meetings, it made him a third party beneficiary of that written contract and that he is entitled to collect unpaid compensation under that contract. The Board in response contends (1) that it never entered into a contract with the plaintiff for payment of compensation in addition to his regular salary which was paid in full, (2) that any such contract with the plaintiff would be void because it along with an appropriation was never authorized or approved at a regularly scheduled meeting of the Board, (3) that the plaintiff was not a third party beneficiary of the contract between it and the Department, and (4) that even if a valid contract existed, any claim would be barred by the statute of limitations.

The dispositive question presented in this appeal involves the applicability of the statute of limitations. In May, 1957, plaintiff sought compensation for his services as consultant to the Co-operative Research Project, and in a letter dated May 8, 1957, Dr. Frances A. Mullen, Assistant Superintendent, in charge of special education, requested approval from Dr. Benjamin C. Willis, the General Superintendent of Schools, for the payment to plaintiff for consulting services.

The plaintiff received the General Superintendent's reply in a letter dated June 4, 1957, from Dr. Mullen, which read, in part, as follows:

"Dr. Willis has replied to my letter concerning the payment of consultant fees to staff members. Both orally and in writing he had indicated that he would not approve paying additional amounts to regularly employed members of the teaching staff except for time spe-

cifically spent on the project on days on which they were not on the school payroll."

Ten years and five months after the receipt of this letter, the plaintiff filed this suit. The trial court found that the action was barred by the statute of limitations and that the plaintiff failed to prove the performance of services wihin the meaning of the contract between the Board and the Department which would make him a third party beneficiary.

■■ The purpose of the statute of limitations is to prevent the springing up of fraudulent and stale claims after the lapse of great periods of time. (*Isham v. Cudlip,* 33 Ill.App.2d 254, 179 N.E.2d 25.) An action based on an oral contract must be commenced within five years after the cause of action accrued. (Ill. Rev. Stat. 1967, ch. 83, par. 16) and an action based on a written contract must be commenced within ten years after the cause of action accrued "but if any payment or new promise to pay shall have been made in writing, * * * within or after the said period of 10 years, then an action may be commenced thereon at any time within 10 years after the time of such payment or promise to pay." Ill. Rev. Stat. 1967, ch. 83, par. 17.

The plaintiff argues (1) that this action is based upon a written contract and governed by the ten year statute of limitation and (2) that his cause of action did not accrue until the Cooperative Research Project was completed in June 30, 1960, since he continued to work on the project and since in a letter dated June 24, 1957, he specifically refused to accept the Board's repudiation of the contract.

■■ We shall assume, solely for the purposes of argument, that the plaintiff was a third party beneficiary of the written contract between the Board and the Department; however, even if these assumptions are made, this action filed in November, 1967, would be barred because the contract was breached and the plaintiff's cause of action accrued in June, 1957, when the General Superintendent refused to authorize payment for his services. At that time, the plaintiff knew or should have known that the Board would not give him additional compensation for services on the project rendered during the normal hours of his employment. The fact that the plaintiff did not accept the repudiation of his claim by the General Superintendent is not significant because after June, 1957, the plaintiff knew that his services on the project, performed during the school day, were rendered in his capacity as a teacher regularly employed by the Board.

■■ The plaintiff contends additionally that even if his cause of action accrued as of the date of Dr. Mullen's letter to him, the time within which he could bring the action was extended when the Board on

June 26, 1958, made a $25.00 payment for services rendered to the project. The plaintiff's regular working hours were approximately 9:00 A.M. to 3:30 P.M. On Wednesday, May 28, 1958, he attended a two-hour consultation with members of the project's staff which lasted from 4:00 P.M. to 6:00 P.M. He submitted a voucher and was compensated for the additional time spent at the meeting. This payment was at most further evidence of the Board's policy of giving the plaintiff additional compensation only for services rendered after his regular working hours. Our conclusion that plaintiff's claim is barred by the statute of limitations makes it unnecessary to consider other issues which were raised by the Board.

For the reasons set forth above, the judgment of the circuit court is affirmed.

Judgment affirmed.

ADESKO, P. J., and DIERINGER, J., concur.