PATTI SUE MYERS, for the use and benefit of herself and WILLIAM ROBERT MYERS *et al.*, Plaintiff-Appellant, *v.* LESTER WILLIAM GREEN, d/b/a THE SHAMROCK, *et al.*, Defendants-Appellees.

(No. 71-123; ▮▮▮▮▮▮▮▮

Third District—June 13, 1972.

Robert E. White, of Ottawa, for appellant.

Zwanzig, Lanuti and Zwanzig, and Berry & O'Conor, both of Ottawa, and Herbolsheimer and Lannon, of La Salle, (Robert Ellison, of counsel,) for appellees.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:

Patti Sue Myers, on behalf of herself and her four minor children filed an action as against defendants for loss of means of support in consequence of the intoxication of her husband James Myers. The complaint was predicated on the provisions of Section 135 of Chapter 43 of Illinois

Revised Statutes, sometimes referred to as the "Dram Shop Act." In the complaint it is asserted that by reason of the intoxication of James Myers, resulting from consumption of alcoholic beverages purchased from defendants on July 16, 1966, James Myers was arrested and subsequently convicted of certain criminal charges. Myers began serving a term pursuant to conviction on January 3, 1969. The complaint in the present action was filed April 1, 1969, and alleged loss of means of support subsequent to the date of incarceration on January 3, 1969.

Defendants moved for summary judgment on the ground that the action was not instituted within one year of the date of the occurrence or injury to means of support of plaintiff. In response to such motion, plaintiff filed a counter-affidavit which averred that, from the time of the occurrence on July 16, 1966, to the date of incarceration on January 3, 1969, James Myers received a greater income in dollar amounts from his employment than at any comparable period and that there was no diminution in support of plaintiff until after his 1969 incarceration. The trial court granted defendants' motion for summary judgment. The sole issue which we have for consideration is whether plaintiff's complaint was filed within the one-year limitation period expressed in the Dram Shop Act.

This case, therefore, involves a determination of when the cause of action accrued. James Myers was convicted of criminal offenses of resisting or obstructing a police officer and reckless conduct. As indicated, he was sentenced to serve one year at the Illinois Penal Farm. It appears that the trial of James Myers was conducted in the latter part of 1966, but that by reason of an appeal, the final determination and affirmance of such conviction did not come until a couple of years later, and the incarceration pursuant to conviction began on January 3, 1969. It also appears from the record that Myers was temporarily incarcerated at the time of arrest on July 16, 1966.

It is contended by plaintiff in this cause that the injury to their means of support occurred on January 3, 1969, because only at that time did they commence to incur an actual reduction in the amount of support furnished them by James Myers. Defendants, however, assert that the "injury" which gave rise to the cause of action was an injury to James Myers which could reasonably be expected to reduce the support prospectively that Myers would be able to provide and that Myers actually had to forego certain moneys and services which might have been available for the plaintiff by reason of his temporary incarceration in 1966 and appearances in court in connection with the trial, and also by reason of the expense of attorney fees.

■■ Normally, a cause of action accrues when the parties entitled

thereto could first institute an action for damages. It is apparent that this date, on the basis of the record before us, would be July 16, 1966. It is noted that the statute provides for recovery where a loss is had to "means of support". (Illinois Revised Statutes, Ch. 43 § 135.) There is no specific provision as to loss of support as such. It is apparent that James Myers was the "means" of support for plaintiff. The injury which occurred to Myers, occurred on the 16th day of July, 1966, as a result of his intoxication and consequential misconduct. After Myers had committed the criminal act for which he was arrested and was subsequently convicted and incarcerated, his ability to supply suitable comforts, which, prior to July 16, 1966, he might reasonably have been expected to provide, would be lessened. The arrest and temporary incarceration could have been expected on that day to have reduced, at least to a degree, the future employability of James Myers and, incidentally, his ability to provide support. The probability of his incarceration pursuant to prosecution as a result of his actions, could also have been reasonably anticipated.

An applicable instruction in Dram Shop cases (Illinois Pattern Jury Instruction No. 150.14) to which plaintiff has referred indicates that "whatever lessens or impairs the ability to supply suitable comforts which might reasonably be expected from the person who furnished support, considering his occupation and capacity for earning money" constitutes an injury to means of support. Loss of support might, therefore, reasonably be expected to occur following commission of the criminal acts on July 16, 1966, as we have indicated.

The provision of the Illinois Dram Shop Act which we have under consideration contains the language "every action hereunder shall be barred unless commenced within one year next after the cause of action accrued". (§ 135, Ch. 43, Illinois Revised Statutes.) The Illinois Supreme Court in dealing with this language expressly stated in *Lowrey v. Malkowski*, 20 Ill.2d 280, 170 N.E.2d 147, that the one-year proviso contained in the act is a special limitation upon a statutory cause of action and is distinguishable from general statutes of limitation. The court pointed out (at p. 284) that the purpose of the act was to prevent the evil of prolonged liability of dram shop owners who rarely have actual knowledge of events upon which their liability is based. The court in the *Lowrey* case also pointed out that the courts of this State have consistently held that this special limitation was applicable to minor plaintiffs because of the plain language of the act and the evident purpose of the limitation. In the *Lowrey* case the court concluded that the action was properly dismissed as not having been filed within the one-year period of limitation even though habitual drunkenness was involved, and the

tort was of the continuing type resulting from successive sales of intoxicating liquor.

This analysis of the act and its effect was also employed in *Super Valu Stores, Inc. v. Stompanato*, 128 Ill.App.2d 243, 261 N.E.2d 830, to deny the right of a workmen's compensation insurer as subrogee to bring an action under the Dram Shop Act within one year of the time when the compensation obligation was incurred, but more than a year after the time of the accident for which the employee received compensation. It was pointed out there that the legislature had clearly expressed an intention to terminate liability after the expiration of one year from the time the cause of action accrued. The court also indicated that regardless of the purpose of the Workmen's Compensation Act it would be a distortion of the meaning of the Dram Shop Act to hold otherwise. As stated in *Orlicki v. McCarthy*, 4 Ill.2d 342, 122 N.E.2d 513, the cause of action is deemed to arise on and is measured from date of the injury to or death of the person furnishing the support. (See also: *Moran v. Katsinas*, 16 Ill.2d 169, 157 N.E.2d 38.)

In a case involving facts which support the conclusion which we reach in the present case (*St. Clair v. Douvas*, 21 Ill.App.2d 444, 158 N.E.2d 642), an intoxicated individual killed his own son. The killer's wife sued for damages attributable to the loss of means of support by reason of the fact that her husband was incarcerated for murder. It was the contention of the defendant there that the intervening act of the public prosecutor in prosecuting to a conviction and not the sale of the liquor produced the injury, and that, in any event, the incarceration was not an injury. The Appellate Court in that case decided that "injury" should be given its ordinary meaning as applied in the act and determined that incarceration was an "injury". It was pointed out that the arrest, conviction and sentence was the result to be anticipated as a natural consequence of the act of the killer.

We also conclude that the acts of James Myers on July 16, 1966, which produced his arrest and temporary (and later longer) incarceration was such as resulted proximately from the intoxication and initial criminal act and arrest of James Myers. He was incarcerated as a result of the incident and was unable to engage in his employment on certain occasions in 1966. He expended money to pay for repairs to the home in which he was living where damages resulted from the incident following intoxication. He also lost time (4 full days) of regular employment in 1966 because of the trial of the criminal case as well as his labor in payment for legal services for his defense in the criminal case. It is obvious that damage to the "means of support" resulted from actions on July 16, 1966.

We find no basis in precedents which would allow plaintiff to file an action two and one-half years after the injury simply because the court procedure including an appeal had delayed Myers' incarceration pursuant to conviction until January 3, 1969. Such construction would be inconsistent with the precedents and the obvious legislative policy of requiring the assertion of claims within the limitation period specified in the Dram Shop Act referred to. We find that all the cases which have come to our attention, which have been determined in this State interpreting the effect of such Dram Shop Act, have consistently applied the principle that the cause of action accrued at the time of the intoxication and consequent injury to the means of support. Plaintiff could have filed an action for damages within one year of July 16, 1966, and included a claim for damages reasonably anticipated as a result of the intoxication and consequent conduct of Myers.

We have been referred to cases involving causes of action arising under the Occupational Diseases Act of this State, showing the time of commencement of a cause of action under such Act, when the disabling disease actually occurs, and not upon the initial inhalation of fumes or dust which can cause such disease. Such cases are not pertinent to the issue involved before us under the Dram Shop Act. The Occupational Diseases Act by its very terms creates a cause of action only upon the actual occurrence of the disabling disease. Occupational disease usually develops slowly and insidiously and the injury to the "means of support" is noted in such manner, and would not otherwise be apparent to the injured parties. In the case at bar, the injury to the means of support developed specifically so that plaintiffs should have been aware on July 16, 1966, of the existence of the cause of action.

■■ We conclude, therefore, that the cause of action in this case accrued on July 16, 1966. Since the complaint was not filed until April 1, 1969, the cause of action was barred by the act limiting the time for filing to the one year period following injury to plaintiff's means of support. For the reasons set forth, we find that the summary judgments in favor of defendants were proper and this cause should be and hereby is affirmed.

Judgments affirmed.

SCOTT and DIXON, JJ., concur.