Rabin, J.
James Aloysis Walsh (Walsh), then a member of the New York City Police Department, and Madge Walsh (plaintiff) were married in 1921. They resided together until 1930 when they took separate residences, she in Island Park, Long Island, he in New York City. Because their original marriage records were destroyed, they remarried in 1938, but continued to live apart. Walsh retired from the Police Department in 1956 and in June of 1959 he unilaterally obtained a Mexican decree of divorce from the plaintiff of which she received no notice. On July 18, 1959 Walsh married the defendant Lillian Andorn (Andorn) in Connecticut. They lived together in New York City until he died on April 8, 1964. On April 27, 1964, defendant Andorn applied to defendant Board of Trustees, Police Pension Fund (Pension Fund) for a widow’s pension. The pension was awarded effective April 9,1964, and payments made in monthly installments.
*506 In October, 1970, six and one-half years after Walsh’s death, plaintiff commenced the instant action, alleging that she first learned of her husband’s death in May, 1970. She seeks a declaratory judgment that she is Walsh’s surviving spouse and legal widow and as such entitled to a widow’s pension from the deft' ' ~'+ Pension Fund; that the Mexican divorce decree and Walsh’s subsequent marriage to defendant Andorn are void; and, in addition, she asks for a money judgment for $7,982.93, with interest, representing past pension payments made to defendant Andorn. Defendants contend that the action is barred by the Statute of Limitations and loches.
Trial Term dismissed the complaint holding that plaintiff’s action to declare her right to the pension and to the payments thereunder was barred both by the Statute of Limitations and plaintiff’s loches. The Appellate Division reversed, one Justice dissenting in part, and awarded judgment to plaintiff declaring the Mexican divorce decree and Walsh’s subsequent marriage to defendant Andorn void. Plaintiff was declared Wash’s lawful wife and found entitled to all pension benefits commencing six years prior to the date of the institution of her action. Those benefits which had fallen due more than six years before plaintiff brought her action were held time-barred by the Statute of Limitations.
In our opinion the Statute of Limitations is a complete bar to all pension benefits sought by plaintiff. The statute applicable to plaintiff’s cause of action for the pension is six years (OPLB 213, subd. 2). The period of limitation began to run upon Walsh’s death in April of 1964, when the cause of action for the pension accrued (Sorrentino v. Mierzwa, 25 N Y 2d 59, 62), and plaintiff’s suit to establish pensionable status is therefore time-barred.
The Appellate Division was of the opinion, however, that despite plaintiff’s failure to bring her action to establish her right to the pension within the statutory period, she nevertheless had an independent and ‘1 continuing ’ ’ cause of action for each of the periodic pension installments, each such payment having a six-year life of its own running from the date on which it fell due. We cannot agree that multiple causes of action for individual installment payments can exist separate from the underlying cause of action for the right to the pension. To the contrary, the enforceability of the right to the installments *507 derives from and depends upon the enforceability of the primary right to the pension. (See, e.g., Dillon v. Board of Pension Comrs., 18 Cal. 2d 427, 430.)
The liability of the defendant Pension Fund accrued upon Walsh’s death and the discharge of that liability is by statute (Administrative Code of City of N. Y., § B18-8.0) made payable in equal monthly installments. If the right to the pension has been established within the period of limitation, either by the board’s approval of a demand or by judicial determination, then the statutory period for the enforcement of the right to each installment commences running as each payment falls due (cf. CPLR 3003). In this sense, the right to the individual payments may be said to be “ continuing ”, each payment having a six-year life of its own, provided the right to the pension has been duly established. But, absent board approval or suit to establish pensionable status within six years of the employee’s death, all pension rights are time-barred, including claim to past or future installments. Plaintiff, having failed to commence her action for the pension within six years from Walsh’s death is barred from enforcing her claim to any installments by the Statute of Limitations.
Underlying plaintiff’s claim to the pension is her assertion that she is Walsh’s lawful widow, i.e., that the Mexican divorce decree and Walsh’s subsequent marriage to defendant Andorn are void. To this effect, plaintiff seeks a declaratory judgment. The declaration is sought solely in order to support plaintiff’s claim to the pension — a claim which we have found to be unenforceable. She asserts no other purpose of such a declaration.
A declaratory judgment should not be rendered unless it will serve some useful purpose to the parties (James v. Alderton Dock Yards, 256 N. Y. 298, 305; Krieger v. Krieger, 25 N Y 2d 364, 366). “ The general purpose of the declaratory judgment is to serve some practical end in quieting or stabilizing an uncertain or disputed jurai relation either as to present or prospective obligations. * * * Where there is no necessity for resorting to the declaratory judgment it should not be employed.” (James v. Alderton Dock Yards, supra, at p. 305.)
Because plaintiff’s underlying claim to the pension is unenforceable, her request for a declaration that she is Walsh’s lawful widow should not be granted. Plaintiff’s time-barred *508 claims to the pension and the installments thereunder being the only asserted purposes of her action to establish her marital status, a declaration of her status as wife would serve no practical end in the context of this case and should not be rendered. The declination, of declaratory relief is, of course, confined to the matter in suit because of. the bar of the Statute of Limitations. Plaintiff’s complaint should be dismissed in its entirety.
Accordingly, the order of the Appellate Division should be reversed and the judgment of the Trial Term reinstated.
Chief Judge Breitel and Judges Jasen, Gabrielli, Jones and Wachtleb concur; Judge Stevens taking no part.
Order reversed, without costs, and judgment of Supreme Court, New York County, reinstated.