BEN F. PFEIFER *et al.*, Plaintiffs-Appellants, *v.* BELL AND HOWELL COMPANY *et al.*, Defendants-Appellees.

First District (3rd Division) No. 61471

Opinion filed September 14, 1977.

Ben F. Pfeifer, of Chicago, for appellants, *pro se*.

Frank M. Covey, Jr., of McDermott, Will & Emery, of Chicago, for appellee Bell & Howell.

Donald L. Metzger, of Burditt & Calkins, of Chicago, for appellees Christian Science Publishing Society and James O. Miller.

Tomas M. Russell, of Sidley & Austin, of Chicago, for appellee Charles H. Percy.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:
This matter represents the latest in a rather lengthy series of legal actions which commenced in June 1972. All of the suits in this series have been brought by Ben F. Pfeifer on behalf of himself and others and all have apparently been based upon the same set of occurrences. Pfeifer filed this present action on June 17, 1974, against the Bell and Howell Company, defendant, and The Christian Science Publishing Society, James O. Miller and Charles H. Percy, co-conspirators. This case was removed to the United States District Court for the Northern District of Illinois, where, on July 16, 1974, the court remanded the case back to the Circuit Court of Cook County. The suit was again removed to the United States District Court for the Northern District of Illinois where, on October 23, 1974, the court again remanded the case back to the Circuit Court of Cook County. On January 29, 1975, the court granted the motions of the defendant and of the co-conspirators to dismiss on the

grounds that the action was barred by the following limitation provisions: sections 6(2) and 7(2) of the Illinois Antitrust Act (Ill. Rev. Stat., 1973, ch. 38, pars. 60—6(2), 60—7(2)) and sections 15 and 22 of the Limitations Act (Ill. Rev. Stat. 1973, ch. 83, pars. 16, 23). It is from this order that Pfeifer now appeals.

Throughout this litigation Pfeifer has appeared pro se. Since he has not obtained a license to practice as an attorney or counselor at law within the State of Illinois, he brings this action only on behalf of himself, even though he styles the plaintiffs as Pfeifer *et al.* (Ill. Rev. Stat. 1973, ch. 13, par. 1.) Similarly, the only defendant to this action is Bell and Howell. The "*et al.*" designation with reference to the defendants signifies the alleged co-conspirators.

The sole question on this appeal is whether this action is barred by the statute of limitations.

■■ ■ Statutes of limitations are statutes of repose, designed to prevent recovery on stale demands. (*Mosley v. Michael Reese Hospital* (1964), 49 Ill. App. 2d 336, 199 N.E.2d 633.) The purpose attendant to such statutes is not to shield a wrongdoer (*Tom Olesker's Exciting World of Fashion, Inc. v. Dun and Bradstreet, Inc.* (1975), 61 Ill. 2d 129, 334 N.E.2d 160), but is to provide the defendant with a sufficient opportunity to investigate the factors upon which his liability may be based while such evidence is still ascertainable. (*Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 302 N.E.2d 64.) Thus, the time limits imposed by these statutes require diligence in the initiation of actions before the facts upon which the suit has been based become obscure by reasons of lapse of time, the defective memory of witnesses, or the death or removal of witnesses. (*Isham v. Cudlip* (1962), 33 Ill. App. 2d 254, 179 N.E.2d 25.) In general, a cause of action accrues so as to start the limitation period running when the action may first be instituted. *Myers v. Green* (1972), 5 Ill. App. 3d 816, 284 N.E.2d 349.

Pfeifer's allegations include (1) the fact that Bell and Howell and various other parties and entities including the United States of America, The Christian Science Publishing Society, James O. Miller and Charles H. Percy were engaged in a conspiracy to corner the market on 16 mm movie projector equipment being sold to the United States Armed Forces; (2) that Bell and Howell engaged in monopolistic business practices in that they unlawfully interfered with Lumen, Inc.'s[1] production of movie projector equipment under two Air Force contracts; (3) that Bell and Howell libeled and slandered Lumen in the Chicago financial community thereby preventing Lumen from obtaining necessary

---

[1] Lumen, Inc., was a corporation operated and financed by Pfeifer and included in the "*et al.*" designation of plaintiffs in this cause.

financing; and (4) that Bell and Howell invaded Pfeifer's privacy. Due to the limited nature of the issue before this court, whether Pfeifer's claims are barred by the statutes of limitations, the details of these allegations need not be specified. The complaint in this case indicates that all of the alleged activity took place during the period of 1958 to 1961. Pfeifer, himself, acknowledges that he knew of the alleged conspiracy in 1962 when he first sought relief from the Antitrust Division of the Department of Justice. He further acknowledges that he contacted the Department of Justice again in June 1966 and later in August 1966 in an attempt to have the United States Attorney for the Northern District of Illinois initiate a grand jury investigation of Bell and Howell's activities.

For the antitrust claim, the applicable limitation period is four years. (Ill. Rev. Stat. 1973, ch. 38, par. 60—6(2) and 60—7(2).) The common law action for monopolistic business practices has a two-year limitation period. (Ill. Rev. Stat., 1973, ch. 83, par. 16.) The libel and slander and privacy claims are barred after one year. (Ill. Rev. Stat. 1973, ch. 83, par. 14.) Clearly, where the alleged illegal activities have all taken place between 1958 and 1961, all of these limitation periods have long since run. Pfeifer's reliance upon the doctrine of fraudulent concealment (Ill. Rev. Stat. 1973, ch. 83, par. 23) is ineffective in view of the fact that he had personal knowledge of the alleged conspiracy at least as early as 1962 and certainly no later than 1966, so that the five-year limitation period has also expired. Likewise, his attempt to rely upon the ten-year limitation period for written contracts (Ill. Rev. Stat. 1973, ch. 83, par. 17) also fails for he has alleged no contract between Bell and Howell, the sole defendant to this action, and himself.

For the above stated reasons, we affirm the Circuit Court's order dismissing this action.

Affirmed.

SIMON, P. J., and JIGANTI, J., concur.