ELDON P. GERMAN, Plaintiff-Appellant, *v.* CONTINENTAL CASUALTY COMPANY, Defendant-Appellee.

Third District   No. 77-352

Opinion filed March 13, 1978.

Ronald Hanna, of Hamm, Hanna & O'Brien, of Peoria, for appellant.

William J. Voelker, Jr., and B. Douglas Stephens, Jr., both of Heyl, Royster, Voelker & Allen, of Peoria, for appellee.

Mr. JUSTICE STENGEL delivered the opinion of the court:

Plaintiff Eldon German brought suit to recover unpaid monthly disability payments from defendant Continental Casualty Company.

According to the complaint, defendant contracted to indemnify plaintiff for losses due to accident or sickness. Plaintiff was injured by an accident occurring on June 8, 1961, while the insurance contract was in force, and he alleged that he became "wholly and continuously disabled" and that this condition is expected to continue for the rest of his lifetime. As a result plaintiff claims to be entitled to $45,300 in unpaid indemnity payments ($300 each month) which defendant refused to pay after January 23, 1964, although partial payments were made in 1963 and 1964.

Defendant filed a motion for judgment on the pleadings asserting, first, that the 10-year statute of limitations (Ill. Rev. Stat. 1975, ch. 83, par. 17), is a bar to this action since the alleged breach occurred on January 23, 1964, while the complaint was not filed until October 9, 1975, and second, that the insurance policy being sued upon provided that no action shall be brought after the expiration of three years from the time written proof of loss is required to be furnished. In the case of periodic payment contingent upon a continuing loss, the insured is required to file a written proof of loss within 90 days after termination of a 12-month period of total disability for which the company is liable.

The trial court allowed defendant's motion without assigning reasons for its ruling, and plaintiff appeals.

■■ Plaintiff first asserts that the 10-year statute of limitations for actions on written contracts begins anew for each monthly installment since a new cause of action accrues when each installment becomes due. Defendant concedes that argument, but correctly notes that the statute would bar those payments alleged to have been due more than 10 years before this suit was filed.

■■ Plaintiff next argues that the suit is not barred by the three-year period of limitation set out in the contract because defendant waived that provision by making payments until January 23, 1964. Admittedly an insurance company can waive a contractual limitation by conduct intended to lull its insured into a false belief that settlement will be forthcoming, so as to preclude the timely filing of a lawsuit. (*E.g.,* *McMahon v. Millers National Insurance Co.* (1st Dist. 1971), 131 Ill. App. 2d 339, 266 N.E.2d 714.) However, in the case at bar, the complaint does not contain any allegation of facts indicating a waiver. Plaintiff does not allege that any conduct or actions by defendant were misleading. The

allegation that defendant made some payments does not indicate waiver unless the three-year limit for bringing suit expired before or shortly after the payments stopped. Under terms of the policy, the three-year period did not begin to run until the time written proof of loss was required, and proof of loss was not required until 90 days after one year of total disability; therefore the limitation had not expired when defendant denied further liability. In addition, plaintiff concedes that no proof of loss was ever furnished.

■■ The complaint not only failed to allege any promise of settlement or other misleading conduct but also failed to allege that plaintiff was in fact misled. We therefore conclude that this cause of action is barred by the three-year period of limitation contained in the insurance policy.

■■ We also note plaintiff's allegation that he paid the annual premium until 1970. Under the policy, the premium is waived during any period of total disability lasting at least 12 months. From this it can be inferred that plaintiff did not claim total disability until sometime after 1970.

For the reasons given, we hold that the trial court correctly entered judgment on the pleadings in favor of defendant, and we affirm the judgment of the Circuit Court of Peoria County.

Affirmed.

BARRY, P. J., and STOUDER, J., concur.