MURRAY F. BREHM, Plaintiff-Appellant, *v.* SARGENT & LUNDY *et al.,* Defendants-Appellees.

First District (4th Division)   No. 78-504

Opinion filed November 2, 1978.

Lester H. Broussard, of Chicago, for appellant.

Louis M. Rundio, Jr., of McDermott, Will & Emery, of Chicago, for appellees.

Mr. JUSTICE ROMITI delivered the opinion of the court:

The sole issue in this case is whether an employee's suit for a declaratory judgment that he is entitled to a pension, filed 13½ years after retirement, is barred by the statute of limitations. We hold that it is and affirm the trial court's granting of summary judgment for the defendant.

The relevant facts in this case, as revealed by the pleadings and affidavits, are few. The plaintiff retired from the defendant's employment on December 31, 1962. The defendant provides a pension plan for those employees who have worked for the company for 15 years. Whether the plaintiff met this requirement depends on whether he was laid off in 1949 or whether his employment at that time was terminated; if the former, then the period for which he was laid off is included in the computation of years of service. It is not clear whether the defendant informed the plaintiff in 1958 of the length of time of his accredited past service, but this question is not relevant to our determination. Likewise, it is also not clear if the plaintiff ever applied for the pension and, if so, whether the defendant ever affirmatively refused to pay; what is clear is that the defendant has never considered the plaintiff to be entitled to a pension and has never made any pension payments to him. If the plaintiff was entitled to a pension, he would have been entitled to receive payments commencing in January 1963.

Under section 16 of the Limitations Act (Ill. Rev. Stat. 1977, ch. 83, par. 17), which all parties concede to be applicable, action upon a written contract must be commenced within ten years after the cause of action accrued. The same statute existed in 1963.

## I.

■■■ If the plaintiff is entitled to a pension, then under the Pension Plan the payments would be made in installments until the date of his death. Basically, the plaintiff relies on the well-established rule that where an obligation is payable by installments, the statute of limitations runs against each installment from the time it becomes due, that is, from the time when an action might be brought to recover it. (*Light v. Light* (1957), 12 Ill. 2d 502, 147 N.E.2d 34; 51 Am. Jur. 2d *Limitations of Actions* §133 (1970).) This rule has been applied to suits for disability payments due under life insurance policies (*German v. Continental Casualty Co.* (1978), 58 Ill. App. 3d 22, 373 N.E.2d 1058; *Alsup v. Travelers Insurance Co.* (1954), 196 Tenn. 346, 268 S.W.2d 90; *Everhart v. State Life Insurance Co.* (6th Cir. 1946), 154 F.2d 347), and in one suit for pension payments. (*Gaffney v. Young* (1925), 200 Iowa 1030, 205 N.W. 865.)[1] It appears, however, that while there is some authority to the contrary, the stronger weight of authority has held, at least where pensions funded by governmental bodies are involved, that an action to determine the existence of the right to a pension necessarily precedes and is distinct, as regards the commencement of the period of limitation, from an action to recover installments which fall due after the pension has been granted, and, therefore, that the right to receive the pension must be established by suit or otherwise, within the original statutory period which begins to run when the plaintiff first has the power to make the demand. *Walsh v. Andorn* (1974), 33 N.Y.2d 503, 355 N.Y.S.2d 329, 311 N.E.2d 476, *modified* (1974), 34 N.Y.2d 253, 357 N.Y.S.2d 864, 314 N.E.2d 424; *Board of Trustees v. Koman* (1956), 133 Colo. 598, 298 P.2d 737; *Barney v. City of Lincoln* (1944), 144 Neb. 537, 13 N.W.2d 870; *Dillon v. Board of Pension Commissioners* (1941), 18 Cal. 2d 427, 116 P.2d 37; 60 Am. Jur. 2d *Pension and Retirement Funds* §70 (1972).

■■ We find this latter trend of authority to be persuasive. After all, as the court stated in *Pfeifer v. Bell & Howell Co.* (1977), 53 Ill. App. 3d 26, 27, 368 N.E.2d 520, 521:

---

[1] The plaintiff also cites *O'Connor v. Board of Trustees of Firemen's Pension Fund* (1910), 155 Ill. App. 460, *aff'd on other grounds* (1910), 247 Ill. 54, 93 N.E. 124, for this position. *O'Connor* involved a suit by certain members of the Fire Department who sued to enjoin the paying of pension benefits to six recipients. The court in upholding the payment to four of the recipients simply noted if the recipients had applied for a pension after retiring they would have been entitled to it and that "[i]n none of the laws is there any time limitation that prevents application even after twenty odd years." 155 Ill. App. 460, 475.

"Statutes of limitations are statutes of repose, designed to prevent recovery on stale demands. (*Mosley v. Michael Reese Hospital* (1964), 49 Ill. App. 2d 336, 199 N.E.2d 633.) The purpose attendant to such statutes is not to shield a wrongdoer (*Tom Olesker's Exciting World of Fashion, Inc. v. Dun and Bradstreet, Inc.* (1975), 61 Ill. 2d 129, 334 N.E.2d 160), but is to provide the defendant with a sufficient opportunity to investigate the factors upon which his liability may be based while such evidence is still ascertainable. (*Halberstadt v. Harris Trust & Savings Bank* (1973), 55 Ill. 2d 121, 302 N.E.2d 64.) Thus, the time limits imposed by these statutes require diligence in the initiation of actions before the facts upon which the suit has been based become obscure by reasons of lapse of time, the defective memory of witnesses, or the death or removal of witnesses. (*Isham v. Cudlip* (1962), 33 Ill. App. 2d 254, 179 N.E.2d 25.)* * *."

If the plaintiff is permitted to delay the filing of suit until, as here, the material witnesses are no longer available, the purpose of the statute of limitations will be ignored. Furthermore, this result is consistent with the result reached by this court in *Kopel v. Board of Education* (1971), 1 Ill. App. 3d 1083, 275 N.E.2d 772. In *Kopel* the plaintiff contended that he was entitled to special payment for certain services rendered on a research project between 1957 and 1960. The plaintiff was notified in 1957 that the Board of Education rejected his claim that he was entitled to additional compensation. Suit was not filed until 10 years and five months after receipt of the letter; obviously it was filed less than 10 years after the rendition of the last service for which payment was claimed. However, this court ruled that the total claim was barred by the statute of limitations, reasoning that the statute began to run when the defendant in 1957 refused to authorize the payments.

## II.

■ The plaintiff also suggests that an issue of fact remains since it is not known when the plaintiff first applied for the pension payments, such application being a condition precedent to the benefits being paid. However, it is well established that a cause of action accrues when a suit first may be maintained thereon (*Pfeifer v. Bell & Howell Co.* (1977), 53 Ill. App. 3d 26, 368 N.E.2d 520; *Myers v. Green* (1972), 5 Ill. App. 3d 816, 284 N.E.2d 349, *appeal denied* (1972), 52 Ill. 2d 595; *Barney v. City of Lincoln* (1944), 144 Neb. 537, 13 N.W.2d 870; *Dillon v. Board of Pension Commissioners* (1941), 18 Cal. 2d 427, 116 P.2d 37), and the plaintiff cannot delay the running of the statute by postponing the time of demand upon the proper person. *Dillon v. Board of Pension Commissioners* (1941), 18 Cal. 2d 427, 116 P.2d 37.

For the foregoing reasons, the determination of the trial court that the plaintiff's suit is barred by the statute of limitations is affirmed.

Affirmed.

JOHNSON, P. J., and LINN, J., concur.