◼ JOHN D. WITHERBEE, Appellant, v REPUBLIC STEEL CORPORATION, Respondent. — Appeal from an order of the Supreme Court at Special Term (Cerrito, J.), entered September 13, 1983 in Essex County, which, *inter alia,* granted defendant's motion for summary judgment dismissing the complaint.

In this action for breach of the provisions of a collective bargaining agreement, plaintiff alleges that, pursuant to the terms of that agreement, he is entitled to receive full pension benefits for his more than 30 years of continuous service to defendant which terminated on August 29, 1973. The action was commenced by service of a summons and complaint upon defendant on or about July 30, 1981. The answer contains general denials and four affirmative defenses, the first of which is the Statute of Limitations. Since we consider this a good defense and the action time barred for the reasons hereinafter set forth, we need not consider the other defenses related to length of continuous service of plaintiff's failure to pursue remedies under the collective bargaining agreement.

---

There is no dispute that plaintiff's retirement for the purpose of the pension agreement occurred on August 29, 1973. Moreover, plaintiff concedes that on that date, defendant forwarded a letter to plaintiff indicating that he had only a vested retirement pension, payable at a later date, and did not have the requisite number of years of continuous service to be eligible for early retirement based on 30 years of continuous service. Plaintiff's disagreement with defendant over the number of years of his continuous service was of long standing, dating back to 1945. Defendant therefore contends that any cause of action for breach of contract occurred on August 29, 1973 and that the present action is therefore time barred (CPLR 213, subd 2). Plaintiff contends, however, that the crucial date is January 26, 1979, the date plaintiff received a letter from defendant rejecting his formal application for a pension in response to an inquiry dated December 19, 1978 by an attorney acting on behalf of plaintiff. Furthermore, plaintiff also contends that since the pension agreement provides that an application for benefits can be made any time prior to or after retirement, the Statute of Limitations would not begin to run against his claim until his written application had been denied formally, regardless of how long after retirement the denial occurred. This argument must be rejected.

First, although this action is brought in State court pursuant to subdivision (a) of section 301 of the Labor Management Relations Act of 1947 (US Code, tit 29, § 185, subd [a]), Federal law governs its resolution (see *Public Steel Corp. v Maddox,* 379 US 650, 655; *Textile Workers v Lincoln Mills,* 353 US 448, 456). The question of when the cause of action accrued thus is a matter to be determined by Federal law (see *Cope v Anderson,* 331 US 461, 464; *Santos v District Council,* 619 F2d 963, 968). A cause of action accrues when a plaintiff first may successfully maintain a suit based on that cause of action (*Bell v Aerodex, Inc.,* 473 F2d 869, 873), and in a pension entitlement case, the crucial time is the date when the individual's right to the pension accrues (*Walsh v Andorn,* 33 NY2d 503, 506; see, also, *Falsetti v Local Union No. 2026,* 355 F2d 658, 662).

Therefore, since plaintiff's cause of action is for breach of contract, the six-year Statute of Limitations applies. The claim in this case is time barred and, accordingly, the complaint was properly dismissed (CPLR 213, subd 2; see *Abrams v Carrier Corp.,* 434 F2d 1234, 1252-1253, cert den 401 US 1009).

Order affirmed, without costs. Kane, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.