JOHN DOE, Plaintiff-Appellee, v. THE DEPARTMENT OF PROFESSIONAL REGULATION, Defendant-Appellant.

First District (4th Division)   No. 1—91—1094

Opinion filed November 12, 1992.

Roland W. Burris, Attorney General, of Springfield (Rosalyn B. Kaplan, Solicitor General, and John A. Morrissey, Assistant Attorney General, of Chicago, of counsel), for appellant.

Julia Mannix, of Davis, Mannix & McGrath, of Chicago (David E. Kendall, Betsy K. Wanger, and Williams & Connolly, of counsel), for appellee.

JUSTICE JOHNSON delivered the opinion of the court:

Plaintiff, Dr. John Doe (a pseudonym), brought an action to enjoin defendant, the Illinois Department of Professional Regulation (hereinafter the Department), from filing an administrative complaint against him for violating section 22 of the Medical Practice Act of 1987 (hereinafter the Act) (Ill. Rev. Stat. 1987, ch. 111, par. 4400—22). The circuit court entered summary judgment and permanently enjoined the Department from bringing an administrative complaint against plaintiff due to the Department's lack of jurisdiction. The circuit court based its decision on the five-year statute of limitations contained in the Act.

The sole issue on appeal is whether the trial court erred in deciding that the Department lacked jurisdiction to bring an administrative complaint against plaintiff based on the five-year statute of limitations for disciplinary actions pursuant to the Act.

We reverse and remand.

Plaintiff is a physician licensed in Illinois and specializing in psychiatry and psychoanalysis. Plaintiff treated a patient for depression from 1969 to February 1980. While undergoing treatment, plaintiff's patient, acting through her own attorneys and financial advisors, established a trust fund providing plaintiff with an annual annuity of $50,000. It was irrevocable without plaintiff's consent, and continued

until 1989 when the trust assets were exhausted. A second trust was established in 1978. This trust was revocable by the patient upon two years' notice. However, it was not revoked by the patient at the time of her death. Plaintiff received an annual payment of $30,000 to continue until his death.

On February 6, 1990, plaintiff's attorney received a draft complaint to be filed by the Department alleging ethical misconduct on the part of plaintiff. Count I alleged that plaintiff's receipt of funds from the 1976 trust from February 1985 to its termination violated section 22(A)(5) of the Act. (Ill. Rev. Stat. 1987, ch. 111, par. 4400—22(A)(5).) Count II alleged the same violation concerning the 1978 trust. On April 6, 1990, the court granted plaintiff's motion for a temporary restraining order to remain in effect until April 24, 1990. On that date, it was ordered that the parties conduct discovery and that the restraining order instituted on April 6, 1990, remain in effect until the next hearing on the matter.

On March 1, 1991, the circuit court granted plaintiff's motion for summary judgment and permanently enjoined the Department from filing a claim on the 1976 and 1978 trusts. The circuit court found that the Department had no jurisdiction to file a complaint against plaintiff for any conduct occurring in 1976 or 1978 because of the five-year statute of limitations in section 22(A)(38) of the Act. The Department now appeals.

■ The Department's authority to file a complaint against plaintiff pursuant to the Act is as follows:

"Except for the grounds numbered (8), (9) and (29), no action shall be commenced more than 5 years after the date of the incident or act alleged to have violated this Section." (Ill. Rev. Stat. 1987, ch. 111, par. 4400—22(A)(38).)

Plaintiff was informed that the Department may bring an action against him pursuant to the Act, which prohibits unethical or immoral conduct and the sale or distribution of drugs other than for medically accepted purposes. Statutes of limitation are "designed to prevent recovery on stale demands." (*Pfeifer v. Bell & Howell Co.* (1977), 53 Ill. App. 3d 26, 27.) As set forth below, plaintiff's argument provides an interpretation of the statute of limitations that prohibits the Department from pursuing its administrative complaint against plaintiff.

Plaintiff finds no merit in the Department's contention that its complaint should not be barred because plaintiff received trust annuities within the five years prior to 1990. Plaintiff finds support for his argument in *Brehm v. Sargent & Lundy* (1978), 66 Ill. App. 3d 472,

and *Kopel v. Board of Education* (1971), 1 Ill. App. 3d 1083. However, both of these cases can be distinguished.

*Brehm* discusses whether an employee's suit requesting a declaratory judgment entitling him to a pension is barred by the statute of limitations because it was filed 13½ years after the employee's retirement. There, the plaintiff relied on the rule that when there are installment payments the statute of limitations runs against each installment individually. However, this court differentiated between an action to determine the existence of the right to a pension from an action to recover installments after the pension has been granted. This court found that "the right to receive the pension must be established by suit or otherwise, within the original statutory period which begins to run when the plaintiff first has the power to make the demand." (*Brehm*, 66 Ill. App. 3d at 474.) Therefore, this court affirmed the determination of the trial court that plaintiff's suit was barred by the statute of limitations.

*Kopel v. Board of Education* (1971), 1 Ill. App. 3d 1083, also involves the statute of limitations. In *Kopel*, plaintiff requested compensation for his services on a special research project in addition to his regular salary as a certified teacher. In a written reply, his request was refused. Plaintiff filed suit 10 years and 5 months after the receipt of the letter. The appellate court affirmed the trial court ruling that plaintiff's suit was barred by the statute of limitations.

The plaintiff in *Brehm* was requesting a pension 13½ years after first having had the "power to make the demand." In the instant case, the Department had no knowledge of the trusts until years after their creation. In *Brehm*, as well as in *Kopel*, the plaintiff was aware of the existence of a pension and of the letter. In these cases, there was knowledge of an immediate and complete event which required a timely response. By the time of their respective suits, the event had already occurred and because of their delay plaintiffs were subsequently barred by the statute of limitations.

In *Brehm*, plaintiff received no payments between the time of his retirement and 13½ years later when he filed suit. Likewise in *Kopel*, no payments were received between the time of plaintiff's receipt of the letter and the 10 years and 5 months later when plaintiff filed suit. Here, plaintiff's action is ongoing. His cashing of the check is an activity that is occurring in the present. Thus, the reason for finding that the Department's claim is within the statute of limitations is because plaintiff's alleged violations of the Act continued to take place within the limitations period and, with respect to the 1978 trust, continue to this day.

The first trust was established by plaintiff's patient in 1976. It provided plaintiff with an annual annuity of $50,000. Plaintiff received payments from the trust fund until the assets were exhausted in 1989, well within the statute of limitations. However, the 1978 trust is still in effect and plaintiff will continue to receive payouts from it until his death.

The case most applicable to the Department's position in this action is *Abrahamson v. Department of Professional Regulation* (1991), 210 Ill. App. 3d 354, *appeal allowed* (1991), 141 Ill. 2d 535. There, the plaintiff was denied a medical license by the Department because he was found to lack "moral character" and "ethical judgment." The trial court reversed the denial and the Department appealed.

Plaintiff's brief contends that *Abrahamson* is inapplicable because it concerns licensing and the submission of falsified transcripts. The specific allegation against Abrahamson was that he had a fraudulent transcript printed. It was never alleged that Abrahamson used the transcript in establishing his academic credentials or in applying for the license. In fact, his attorney submitted an affidavit from the director of his medical school "certifying that the false transcript was never used by Abrahamson to obtain academic credit" at the school. (*Abrahamson*, 210 Ill. App. 3d at 361.) In *Abrahamson*, plaintiff contended that the charge against him of having a fraudulent transcript printed was barred by the statute of limitations. He cited the five-year statute of limitations provided in the Act. (Ill. Rev. Stat. 1987, ch. 111, par. 4400—22(A)(38).) The court responded as follows:

> "The running of the statute of limitations against the DPR [Department of Professional Regulations] should not begin until the DPR knew or, at least, should have known of the alleged actions of the plaintiff in ordering the *** transcript. There was no reason for the DPR to know of the existence of the *** transcript and its significance until the plaintiff applied for a license." *Abrahamson*, 210 Ill. App. 3d at 364.

■ In the instant case, the record does not specifically state when the Department was notified or discovered plaintiff's alleged violations of the Act. Yet, upon being so informed, the Department notified plaintiff of its plans to issue a formal complaint against him under the Act. Further, the circuit court never discussed the issue of the Department's notification. Finally, in plaintiff's motion, there were no allegations that the Department knew or should have known for more than five years of plaintiff's receipt of funds from these trusts. Therefore, the statute of limitations can only be expected to begin running

against the Department when it knew or reasonably should have known about plaintiff's alleged violations.

■■ With respect to the question of jurisdiction, the Department contends that the trial court erred in finding that it had no jurisdiction due to the Department's attempt to bring a cause of action beyond the statutory limitation of five years. The record indicates that the trial court noted that plaintiff did nothing to prevent the Department from finding out about the existence of the trusts or the funds received by plaintiff. However, the Department is responsible for instituting all necessary disciplinary action against a great number of professionals. The scope of its power is as follows:

"A. The Department may revoke, suspend, place on probationary status, or take any other disciplinary action as the Department may deem proper with regard to the license or visiting professor permit of any person issued under this Act to practice medicine, or to treat human ailments without the use of drugs and without operative surgery ***." (Ill. Rev. Stat. 1987, ch. 111, par. 4400—22(A).)

It would be illogical to have expected the Department to prompt an investigation of plaintiff without any reasonable suspicion as to his activities.

■ Enforcement of the statute of limitations should prompt the court to balance the Department's right to bring a cause of action with the plaintiff's right to be free from stale claims. In the case at bar, public policy should allow the Department to pursue a cause of action when it knew or should have known of an alleged violation of the Act and only at that time should the statute of limitations begin to run against the Department.

For the foregoing reasons, we reverse the decision of the circuit court and we remand the cause for further proceedings not inconsistent with this opinion.

Reversed and remanded.

LINN and McMORROW, JJ., concur.